# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LAUREN KESTERSON, | ) | CASE NO. 5:16CV298 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| KENT STATE UNIVERSITY, et al., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Lauren Kesterson ("Kesterson") brought this civil rights action against defendant Kent State University ("Kent State") and two individuals, Karen Linder ("Linder") and Eric Oakley ("Oakley"). On November 5, 2018, the Court granted defendants' motions for summary judgment and dismissed this action. (Doc. No. 240 ["MSJ MO"].) Now before the Court are the following motions: Kesterson's motion, pursuant to Fed. R. Civ. P. 60(b), for relief from judgment (Doc. No. 245 ["Rule 60(b) Mot."]), Kesterson's application *instanter* to remove the confidential designation from two documents offered in support of her Rule 60(b) motion (Doc. No. 247 ["App."]), Kent State's motion to defer ruling on Kesterson's Rule 60(b) motion (Doc. No. 252 ["Mot. Defer"]), and Kesterson's motion to stay enforcement of Kent State's bill of costs. (Doc. No. 249 ["Mot. Stay Costs"].) The motions are fully briefed and ripe for resolution.

**I. BACKGROUND**

The facts surrounding this litigation are well known to the parties and have been thoroughly discussed in numerous opinions and orders. Accordingly, the Court will only set forth a brief background to provide context for the pending motions. In 2012, Kesterson enrolled as a

freshman student at Kent State, having been recruited by the school to play on the women's softball team. On December 7, 2012, Kesterson alleges that she was raped by another student athlete, Tucker Linder, who was the son of Linder, the women's softball coach. In the First Amended Complaint ("FAC") Kesterson alleged that in 2014 she reported the rape to Linder, who failed to follow Kent State's official policy requiring all student complaints of sexual assault and harassment to be promptly reported to the university's Title IX Office. In the fall of 2015, Kesterson reported the assault to an employee in the Title IX Office. This subsequent report led to Linder's resignation as the head softball coach for the university. Kesterson did not return to the softball team but kept her athletic scholarship and graduated in 2016.

On February 9, 2016, Kesterson filed the present action raising federal claims under Title IX, equal protection, and First Amendment prior restraint. Throughout the course of the litigation, the parties engaged in vigorous, and at times contentious, discovery practice, requiring intervention by the Court and the Magistrate Judge on several occasions. On May 8, 2018, the Court issued an opinion in which it denied Kesterson's appeal from the Magistrate Judge's order denying her request for certain discovery and further denying her motion to amend the complaint, filed after the close of discovery, to add new allegations relative to the reports Kesterson made regarding the assault. (Doc. No. 137 ["Discovery MO"].) The Court also denied Kesterson's belated request to extend discovery beyond the discovery deadline, rejecting arguments relating to medical issues associated with the pregnancy of one of her attorneys. (*Id*.)

On November 5, 2018, the Court granted the summary judgment motions of Kent State and Oakley, and granted Linder's motion, in part, and found that she had qualified immunity.

(MSJ MO at 8854.[1]) On December 4, 2018, Kesterson filed a notice of appeal challenging numerous Court rulings, including the Court's ruling on summary judgment and its May 2018 discovery order. (Doc. No. 242.) The Clerk of Courts assessed costs to Kesterson on December 31, 2018, and Kesterson subsequently appealed that order as well. (Doc. No. 244 (Order on Costs); Doc. No. 254 (Notice of Appeal).) On January 9, 2019, Kesterson filed her Rule 60(b) motion.

## II. DISCUSSION

In her Rule 60(b) motion, Kesterson revisits the Court's 2018 discovery order, arguing excusable neglect by one of her attorneys for failing to raise certain allegations in a timely fashion and for failing to complete discovery before the discovery deadline in the Court's scheduling order. Once again, Kesterson raises medical issues encountered by one of her attorneys in connection with that attorney's pregnancy, and, this time, claims that Kent State improperly capitalized on those medical issues to the prejudice of Kesterson. Kent State opposes the motion, and has moved the Court to defer ruling on Kesterson's Rule 60(b) motion pending the Sixth Circuit's resolution of Kesterson's appeal, noting that the Court lacks jurisdiction to address Kesterson's motion at this time.

The filing of a notice of appeal generally divests the district court of jurisdiction to rule on a Rule 60(b) motion. *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008) ("After an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to grant a Rule 60(b) motion."); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) (Table) ("As a general rule, a district court no longer has

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter.").

Kesterson acknowledges that her timely filed notices of appeal have divested this Court of jurisdiction to entertain her Rule 60(b) motion. She notes, however, that the Court could enter an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure. Promulgated in 2009, Rule 62.1 provides that if a court lacks authority to grant a timely motion for relief because an appeal has been docketed and is pending, the court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Courts should generally reject a request when it would require the court to issue an advisory opinion. *See Ohio State Conference of the Nat'l Ass'n for the Advancement of Colored People* v. *Husted*, No. 2:14-404, 2014 WL 6698763, at *2 (S.D. Ohio Nov. 26, 2014) (refusing to consider a request for an indicative ruling were the movant asked the court "to issue an advisory opinion holding that two of its prior opinions should be reversed").

The Court finds that the circumstances here are such that an indicative ruling under Rule 62.1 is not warranted. This is not a case involving newly discovered evidence or some inadvertence or mistake that can be easily corrected without affecting the scope of the matters now on appeal. *See Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 211 (W.D.N.Y. 2015) (denying request for Rule 62.1 indicative ruling on the impact of a recent ruling by the Federal Circuit on the matters in the underlying action). Moreover, Kesterson's request for an indicative ruling is, in essence, a request for an advisory opinion that the Court's May 2018 discovery order and by implication, its November 2018 summary judgment ruling, should be overturned. *See,*

*e.g., Caviness v. Colvin*, No. 13-15288, 2016 WL 4646366, at *1-2 (E.D. Mich. Sept. 7, 2016) (refusing to issue an indicative ruling relieving a party from the court's prior order assessing attorney fees). While the arguments are slightly repackaged, they involve the same issues and facts that the Court has already addressed in a comprehensive ruling in 2018. (*See* Discovery MO.) The Court sees no value in revisiting that ruling while the same matter is the subject of an appeal before the Sixth Circuit.

### III. CONCLUSION

For all of the foregoing reasons, Kent State's motion to defer ruling on Kesterson's motion for relief from judgment is GRANTED IN PART. Kesterson's motions for relief from judgment and to remove the confidential designation from documents offered in support of the motion for relief from judgment are DENIED WITHOUT PREJUDICE. Further, because there is no opposition, Kesterson's motion to stay enforcement of Kent State's bill of costs pending appeal is GRANTED.

**IT IS SO ORDERED**.

Dated: April 26, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**